# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re:  )
 )  **JUDGE RICHARD L. SPEER**
Beverely Amburgey  )
 )  Case No. 10-36482
    Debtor(s)  )
 )

## DECISION AND ORDER

This matter came before the Court after a Show Cause Hearing as to Why Appropriate Sanctions and/or Disgorgement of Attorney Fees Should not be Imposed by the Court against Mr. Thomas Craig Eschrich. (Doc. No. 10). Present at the Hearing were Edward Snyder for the Debtor, and Ronna Jackson for the United States Trustee. Mr. Eschrich did not appear at the Hearing.

The following facts, as partially set forth in the Order setting the Show Cause Hearing, gave rise to this matter:

> On September 15, 2010, Thomas Craig Eschrich filed an "Application for Retirement or Resignation" with the Ohio Supreme Court to resign as an attorney licensed to practice law in Ohio.
>
> On October 20, 2010, Chief Justice Eric Brown of the Ohio Supreme Court entered an Order accepting Mr. Eschrich's resignation as an attorney.
>
> On September 22, 2010, subsequent to the filing of the Application for Retirement or Resignation, Mr. Eschrich electronically filed a Petition under Chapter 7 on behalf of the above named Debtor. In Form B203, as submitted with the Petition, Mr. Eschrich certified that he received $1,000.00 for legal services.

At the Show Cause Hearing, Attorney Snyder set forth that, per the request of Mr. Eschrich, he now represented the Debtor, and that Mr. Eschrich had paid him $100.00 for his legal services.

In re: Beverely Amburgey
Case No. 10-36482

     Any attorney representing a debtor in a bankruptcy case is required to file a statement of compensation paid or agreed to be paid. 11 U.S.C. § 329(a); FED.R.BANK.P. 2017. A court, either on a motion of a party in interest or on its own initiative, may then review the fee statement. Based then upon this review, if it is determined that the attorney's compensation exceeds the reasonable value of the services rendered, the court may order the disgorgement of the amount of the attorney's fee found to be unreasonable. *In re Kisseberth*, 273 F.3d 714, 721 (6th Cir. 2001); *In re Smith*, 436 B.R. 476, 482-83 (Bankr. N.D.Ohio 2010).

     The reasonableness of an attorney's compensation under § 329 is assessed with regards to the particular circumstances of each case. *Id.* at 483. Attorneys undertaking to represent a debtor in bankruptcy have duties to their client both prior to the time the case is filed and after the case is filed. *See, e.g, In re DeSantis*, 395 B.R. 162 (Bankr. M.D. Fla. 2008) (finding that an attorney for consumer debtors has certain essential duties, including some arising after the case is filed); *In re Castorena*, 270 B.R. 504, 530 (Bankr. D. Idaho 2001) (an attorney must be prepared to assist a debtor through the normal, ordinary and fundamental aspects of the bankruptcy process).

     In this matter, Mr. Eschrich undertook to represent the Debtor <u>after</u> he had submitted his "Application for Retirement or Resignation" as an attorney. Mr. Eschrich, thus, knew at the time he formed his attorney-client relationship with the Debtor that, with his status as a licensed attorney soon ending, he could not fulfill his fiduciary duties to the Debtor. Under these circumstances, with his ability to represent the Debtor on a postpetition basis circumscribed, Mr. Eschrich was, for all practicable purposes, simply performing the functions of a bankruptcy petition preparer. *See* 11 U.S.C.§ 110(a)(1). ( A "bankruptcy petition preparer" is defined as "a person, other than an attorney or an employee of an attorney, who prepares for compensation a document for filing."). As such, Mr. Eschrich should be allowed compensation for the preparation of the Debtor's bankruptcy documents.

Page 2

In re: **Beverely Amburgey**
Case No. 10-36482

      Under General Order 05-3, as in effect for the bankruptcy courts in the Northern District of Ohio, it is provided that the "presumptive maximum allowable fee chargeable by a bankruptcy petition preparer in any case is $125." Pursuant to 11 U.S.C. § 105(a) and § 329(a), the allowable amount of Mr. Eschrich's fees for his services to the Debtor shall be limited to this amount. Therefore, with due allowance made for the $100.00 previously paid by Mr. Eschrich to Attorney Snyder, Mr. Eschrich shall be required to disgorge to this Court the remainder of the $1,000.00 fee he charged the Debtor – *i.e.*, $775.00.

      Accordingly, it is

      **ORDERED** that Mr. Thomas Craig Eschrich is hereby required to timely disgorge to this Court, the United States Bankruptcy Court for the Northern District of Ohio, the sum of $775.00.

      ***IT IS FURTHER ORDERED*** that, pursuant to Bankruptcy Rule 9021, the Clerk, United States Bankruptcy Court, shall issue a judgment entry in favor of the Court in accordance with the above order.

      Dated: January 6, 2011

      _____
      Richard L. Speer
      United States
      Bankruptcy Judge

# CERTIFICATE OF SERVICE

Copies were mailed this 6th day of January, 2011, to the following parties:

Ericka S Parker
232 10th St
Toledo, OH 43604

Beverly Amburgey
PO Box 46
New Haven, OH 44850

Thomas Craig Eschrich
PO Box 465
Norwalk, OH 44857

Recovery Management Systems Corp
25 S.E. 2nd Ave, #1120
Miami, FL 33131

Office of the U.S. Trustee
201 Superior Ave, E, #441
Cleveland, OH 44114

/s/ Robert C.W. Birmingham
Deputy Clerk, U.S. Bankruptcy Court